IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HENRY KAPONONUIAHOPILI,**<br><br>Petitioner,<br><br>v.<br><br>**PAUL COPENHAVER,**<br><br>Respondent. | 1:13-cv-01508 AWI MJS HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION DUE TO PETITIONER'S FAILURE TO FOLLOW A COURT ORDER**<br><br>**[Doc. 8]** |

    Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    On September 12, 2013, the Court served new case documents and an order regarding consent to Magistrate Judge jurisdiction on Petitioner. (ECF No. 3.) On October 2, 2013, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable.

    On October 9, 2013, the Court ordered Petitioner to show cause why the petition should not be dismissed due to Petitioner's failure to inform the Court of his current address. Petitioner was given sixty-three (63) days to inform the court of his new address. (Order to Show Cause, ECF No. 8.) Petitioner has filed a decline to proceed before the Magistrate Judge form and a motion to proceed in forma pauperis with the

1

Court, but he has not informed the Court of his current address or shown cause why the case should not be dismissed as directed by the order to show cause.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, over sixty-three (63) days have passed since Petitioner's mail was returned and he has not notified the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as this case has been pending since September 12, 2013. The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his address. Furthermore, in failing to comply with a simple order of the Court, the Court is concerned that if the case is not dismissed, Petitioner shall not comply with further orders of the Court. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to properly communicate with Petitioner based on Petitioner's failure to keep the Court apprised of his current address, no lesser

1  sanction is feasible.

2  Accordingly, it is recommended that this action be dismissed without prejudice for
3  Petitioner's failure to prosecute. Should Petitioner respond and provide the Court of his
4  current address, the Court shall vacate the order to show cause and review the merits of
5  his petition.

## RECOMMENDATION

7  Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be
8  GRANTED and the habeas corpus petition be DISMISSED without prejudice for
9  Petitioner's failure to prosecute.

10  This Findings and Recommendation is submitted to the assigned United States
11  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and
12  Rule 304 of the Local Rules of Practice for the United States District Court, Eastern
13  District of California. Within thirty (30) days after the date of service of this Findings and
14  Recommendation, any party may file written objections with the Court and serve a copy
15  on all parties.  Such a document should be captioned "Objections to Magistrate Judge's
16  Findings and Recommendation."  Replies to the Objections shall be served and filed
17  within fourteen (14) days after service of the Objections.  The Finding and
18  Recommendation will then be submitted to the District Court for review of the Magistrate
19  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure
20  to file objections within the specified time may waive the right to appeal the Order of the
21  District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 17, 2013          /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

3