IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HENRY LII,** <br> Petitioner, <br> v. <br> **PAUL COPENHAVER, Warden,** <br> Respondent. | Case No. 1:13-cv-01508 MJS (HC) <br><br> **ORDER WITHDRAWING FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR FAILURE TO FOLLOW A COURT ORDER** <br><br> **FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** <br><br> **(Doc. 1)** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I. **FAILURE TO FOLLOW COURT ORDER**

On December 18, 2013, the Court issued a findings and recommendation to dismiss the matter based on Petitioner's failure to inform the Court of his current address as required by the Court's October 9, 2013 order. Petitioner responded to the findings and recommendation and asserts that he was never served with the findings and recommendation. As Petitioner has since communicated with the Court and acted in good faith to pursue the litigation, the findings and recommendation is hereby WITHDRAWN. Accordingly, the Court will screen the petition.

1

## II. PROCEDURAL HISTORY

Petitioner filed the instant habeas petition in this Court on September 12, 2013. He is currently incarcerated at United States Penitentiary Atwater. Petitioner was indicted and plead guilty to distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A). United States v. Lii, 259 Fed. Appx. 970 (9th Cir. 2007). Petitioner was sentenced to a mandatory life term pursuant to 21 U.S.C. § 851, based on two prior felony drug convictions. Id. Petitioner claims he entitled to relief based on several Supreme Court decisions. Petitioner relies on Missouri v. Frye, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), to attempt to present claims of ineffective assistance of counsel during the plea bargain process. Petitioner also relies on Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), to assert that his prior offenses should not serve as predicate offenses. (See, Pet. at 33.)

## III. SCREENING THE PETITION

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that

point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

### IV.	JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison,

519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

On December 18, 2007, the Ninth Circuit Court of Appeals denied Petitioner's direct appeal. United States v. Lii, 259 Fed. Appx. 970, 971 (9th Cir. 2007). Petitioner sought relief by way of a motion under 28 U.S.C. § 2255, which was denied by the district of conviction as time barred on October 29, 2009. Lii v. United States, 2009 U.S. Dist. LEXIS 100768 (D. Haw. Oct. 29, 2009).

The Ninth Circuit has "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner argues, however, that § 2255 is inadequate and ineffective, because he has already filed a § 2255 motions and it has been denied. Under the AEDPA, a prisoner may not bring a second or successive Section 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008). Petitioner fails to meet either of these requirements.

Nevertheless, Petitioner's inability to meet the statutory requirements for filing a successive Section 2255 motion does not automatically render the remedy under

Section 2255 inadequate or ineffective. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (concluding that a Section 2255 movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to Section 2241 rather than Section 2255, and that the AEDPA required dismissal of petitioner's successive Section 2255 motion because his claim was based neither on a new rule of constitutional law made retroactive by the Supreme Court nor on new evidence). To the extent Petitioner may argue that his only remedy is to pursue his claim via a habeas petition pursuant to Section 2241 because a panel of the court of appeals would refuse to certify a second or successive motion under Section 2255, Petitioner's argument fails. Section 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of [Section] 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of [Section] 2255." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). Further, as previously stated, the remedy under Section 2255 usually will not be deemed inadequate or ineffective merely because a previous Section 2255 motion was denied, or because a remedy under that section is procedurally barred. Id. at 953 (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective'"); see also United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural limits on filing second or successive Section 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); Moore, 185 F.3d at 1055 (rejecting petitioner's argument that Section 2255 remedy was ineffective because he was denied permission to file a successive Section 2255 motion, and stating that dismissal of a subsequent Section 2255 motion does not render federal habeas relief an ineffective or inadequate remedy); Tripati, 843 F.2d at 1162-63.

Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States

Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954. "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

In this case, Petitioner has not presented a case of factual innocence. Instead, Petitioner argues that his claims of ineffective assistance of counsel are now allowed under Supreme Court law, and that his prior offenses should not serve as predicate offenses under Descamps v. United States. (See Pet.) Petitioner presents legal arguments that do not implicate Petitioner's factual innocence. Petitioner has not set forth specific facts not previously presented that make a convincing case that Petitioner did not commit the offense. Accordingly, it is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch. Marrero v. Ives, 682 F.3d 1190, 1193-94 (9th Cir. 2012) (collecting similar holdings from other circuits).

Moreover, even if Petitioner lacked an unobstructed procedural shot to challenge the ineffectiveness of his counsel, his claim would fail. The cases of Frye and Lafler applied a defendant's right to effective assistance of counsel to specific facts in the plea bargaining context. They did not create new rules of constitutional law or recognize a new right. Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012). In Buenrostro, the Ninth Circuit Court of Appeals explained:

> The Supreme Court in both [Frye and Lafler] merely applied the

> Sixth Amendment right to effective assistance of counsel according to the test articulated in Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and established in the plea-bargaining context in Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Because the Court in Frye and Lafler repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government.

697 F.3d at 1139-40 (internal citations omitted). The ruling of the Ninth Circuit Appellate Court is consistent with decisions by the Appellate Courts in the Fifth, Seventh, and Eleventh Circuits. In re Perez, 682 F.3d 930, 933-34 (11th Cir. 2012); In re King, 697 F.3d 1189, 2012 WL 4498500, at *1 (5th Cir. 2012); Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012). The Court finds, in accordance with the analysis in Buenrostro, that the Supreme Court's rulings in Frye and Lafler did not create new rules of constitutional law or recognize a new right that applies here.

Petitioner further claims that under Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013) his prior offenses should not serve as predicate offenses likewise is not retroactively applied. Even assuming Descamps assists Petitioner, the Supreme Court has not made its holding retroactive. See Jones v. McGrew, 2014 U.S. Dist. LEXIS 70056, 2014 WL 2002245 at *5 (C.D. Cal. May 15, 2014) ("Petitioner cannot maintain that Descamps effected a material change in the applicable law; the Descamps Court clearly communicated its believe that its ruling in the was "dictated" by existing precedent." (citation omitted); Wilson v. Holland, 2014 U.S. Dist. LEXIS 16277, 2014 WL 517531, *3 (E.D. Ky. Feb. 10, 2014) ("there is no indication in . . . Descamps that the Supreme Court made those holdings retroactive to cases on collateral review"); Groves v. United States, 755 F.3d 588, 2014 WL 2766171, *4 (7th Cir. 2014) ("To date, the Supreme Court has not made Descamps retroactive on collateral review."); Monroe v. United States, 2013 U.S. Dist. LEXIS 168904, 2013 WL 6199955, *2 (N.D. Texas Nov. 26, 2013) (the Court "did not declare that [Descamps] applied retroactively on collateral attack") (collecting cases). Indeed, it is improbable that Descamps announced a new rule of law. According to Descamps, Supreme Court "caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case." 133 S. Ct. at 2283.

"Under our prior decisions, the inquiry is over." Id. at 2286. Accordingly, Petitioner has not met either prong of the savings clause, and the Court recommends that the petition be dismissed.

## V. RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED. Further, the Court ORDERS that the Clerk of Court assign a District Court Judge to the instant matter.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   November 26, 2014        /s/ *Michael J. Seng*
                                                          UNITED STATES MAGISTRATE JUDGE