1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HENRY KAPONONUIHOPILI LII,** | 1:13-cv-01508 AWI MJS HC |
| Petitioner, | **ORDER DENYING MOTIONS FOR RECONSIDERATION** |
| **v.** | **(Docs. 28-29)** |
| **PAUL COPENHAVER, Warden,** | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 20, 2015, the undersigned denied the petition. On April 10, 2015, Petitioner filed a motion for reconsideration claiming, among other things, that <u>Descamps v. United States</u>, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), should be applied retroactively to his case. (ECF No. 26.) On July 1, 2015, the Court determined that <u>Descamps</u> should not be applied retroactively and denied the motion for reconsideration. (ECF No. 27.)

Petitioner has filed a new motion for reconsideration and a motion to supplement the renewed motion for reconsideration. (<u>See</u> ECF Nos. 28-29.) Despite several prior attempts to challenge his convictions, including a prior motion for reconsideration in the

1

instant case, Petitioner now claims that he is entitled to relief based on the Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Petitioner argues that Johnson holds that imposition of an enhanced sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates due process because the clause is too vague to provide adequate notice. Id. at 2557.

With regard to motions for reconsideration, Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner argues that Johnson affords him an argument previously unavailable, rendering his § 2255 remedy "inadequate or ineffective."

Since Johnson was decided by the Supreme Court on June 26, 2015, the circuit courts have split with regard to whether Johnson should be applied retroactively.

The First, Sixth, Seventh, and Eighth Circuits have held that Johnson should apply retroactively. They also found that petitioners in those cases made sufficient *prima facie* showings to allow them to proceed to seek relief based on Johnson in a second or successive petition with the district court. Pakala v. United States, 804 F.3d 139, 140 (1st Cir. 2015); In re Watkins, 810 F.3d 375 (6th Cir. 2015); Swanson v. United States, 2015 U.S. App. LEXIS 21407 (7th Cir. Sept. 4, 2015); Woods v. United States, 805 F.3d 1152, 1153 (8th Cir. 2015).

However, the Fifth and Tenth Circuits came to the opposite conclusion and found that Johnson was not to be applied retroactively, and that it did not serve as a basis to

1    allow a second or successive petition to proceed.  In re Williams, 806 F.3d 322, 327 (5th

2    Cir. 2015); In re Gieswein, 802 F.3d 1143, 1149 (10th Cir. 2015).

3        Petitioner was convicted in the Northern District of California which sits in the

4    Ninth Circuit. The Ninth Circuit has yet to determine whether Johnson should apply

5    retroactively.

6        The Supreme Court has now granted certiorari with respect to this issue. The

7    Eleventh Circuit, rather than rule on the retroactivity of Johnson, held an application to

8    file a second or successive petition in abeyance while the United States Supreme Court

9    addressed the issue. In re Johnson, 2016 U.S. App. LEXIS 3531 (11th Cir. Feb. 26,

10   2016) ("The Supreme Court recently granted certiorari in Welch v. United States, 136 S.

11   Ct. 790, 193 L. Ed. 2d 534, 2016 WL 90594 (U.S. 2016), to decide '[w]hether Johnson v.

12   United States, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), announced a new substantive

13   rule of constitutional law that applies retroactively to cases that are on collateral

14   review.'")

15       Retroactivity therefore remains an open question as of the date of issuance of this

16   order.

17       To the extent that Petitioner contends that Johnson announces a new substantive

18   rule of constitutional law that applies retroactively to final convictions or sentences which

19   are being challenged through collateral means, the Court finds that the present motion

20   for reconsideration is not the proper vehicle for his claim. Reconsideration lies only to

21   correct errors in this Court's judgment. Instead, Petitioner is presenting a new claim

22   unrelated to his claims presented in his original petition.

23       However, Petitioner is not without remedy: he can pursue his challenge in the

24   United States District Court for the District of Hawaii, the court which imposed his

25   sentence, through the mechanism of a successive § 2255 motion. To proceed in that

26   manner, Petitioner must first seek and obtain permission from the Ninth Circuit Court of

27   Appeals to file a successive § 2255 motion. If the Ninth Circuit interprets Johnson as a

28   new substantive rule of constitutional law that applies retroactively to cases which have

3

become final, Petitioner can bring his retroactive <u>Johnson</u> sentencing challenge in the District of Hawaii where he was originally sentenced.[1]

For the reasons set forth above, Petitioner is not entitled to reconsideration of the denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Accordingly, Petitioner's motions for reconsideration are DENIED.

### ORDER

IT IS HEREBY ORDERED that Petitioner's motion for reconsideration and motion to supplement the motion for reconsideration (Docs. 28-29) are DENIED.

IT IS SO ORDERED.

Dated:   March 15, 2016                                        _____
                                                             SENIOR  DISTRICT  JUDGE

---

[1] For a second or successive motion under 28 U.S.C. § 2255 to be considered by a district court, a panel of the appropriate court of appeals must first certify that the motion contains either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); <u>see also</u> 28 U.S.C. § 2244. On this requirement, "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." <u>Tyler v. Cain</u>, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L. Ed. 2d 632 (2001).