IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HENRY KAPONONUIAHOPILI LII,** | Case No. 1:13-cv-01508-AWI-MJS |
| Petitioner, | **ORDER GRANTING ISSUANCE OF CERTIFICATE OF APPEALABILITY** |
| v. | |
| **PAUL COPENHAVER,** | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1.)

On February 20, 2015, this Court dismissed the petition and declined to issue a certificate of appealabilty. (Order, ECF No. 22.) Judgment was entered the same day.

Petitioner filed several motions for reconsideration of the judgment. (ECF Nos. 26, 28-29.) On March 15, 2016, the Court denied Petitioner's motions for reconsideration. (ECF No. 30.) On March 28, 2016, he filed a notice of appeal. (ECF. No. 31.) On April 25, 2016, the Ninth Circuit ordered that the case be remanded to the district court for the limited purpose of granting or denying a certificate of appealability. (ECF No. 34.)

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition; an appeal is only allowed in certain circumstances. Miller-El v.

Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

On February 20, 2015, this Court dismissed Petitioner's petition with prejudice and declined to issue a certificate of appealability. The Court based its dismissal on the fact that Petitioner had not demonstrated Section 2255 constituted an "inadequate or ineffective" remedy for raising his claims and therefore found that Section 2241 was not the proper avenue for raising Petitioner's claims.

Petitioner, in filing motions for reconsideration, raised new and different issues than those contained in his petition. Specifically, Petitioner claimed that he was entitled to relief based on the Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Petitioner argued that Johnson held that imposition of an enhanced sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violated due process because the clause is too vague to provide adequate notice. Id. at 2557.

In denying the motion for reconsideration, the Court noted that the retroactivity of Johnson was under review by the United States Supreme Court. On April 18, 2016, the Supreme Court issued its decision in Welch v. United States holding that Johnson announced a substantive rule that has retroactive effect in cases on collateral review. No. 15-6418, --- U.S. ---, 136 S.Ct. 1257 (2016).

In light of the Supreme Court's recent decision in Welch, the Court finds that reasonable jurists could find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, and deserving of encouragement to proceed further. Petitioner has made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby grants issuance of a certificate of appealability with regard to the specific issue as to whether he is entitled to relief under Welch v. United States with regard to his conviction under the residual clause of the Armed Career Criminal Act.

IT IS SO ORDERED.

Dated:   May 2, 2016                              _____
                                                   SENIOR DISTRICT JUDGE